UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| E-Z Ink Inc., Zhuhaiaikedamaoyiyouxiangongsi (Akda), Imagetech Direct Inc., Lemero, Plenty Talent Corp., <br><br>Plaintiffs, <br><br>v. <br><br>Brother Industries, Ltd., <br><br>Defendant. | Civil Action No. 1:21-cv-01109 _____ <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs E-Z Ink Inc., Zhuhaiaikedamaoyiyouxiangongsi (Akda), Imagetech Direct Inc., Lemero, and Plenty Talent Corp (collectively, "Plaintiffs") bring this complaint for Declaratory Judgement against Defendant Brother Industries, Ltd. ("Defendant"), and allege as follows:

### PARTIES

1. Plaintiff E-Z Ink Inc. is a corporation duly organized and existing under the laws of New York. Its principal place of business is located at 140 58th Street STE 4E, Brooklyn, NY 11220-2556.

2. Plaintiff Zhuhaiaikedamaoyiyouxiangongsi (Akda) is a corporation duly organized and existing under the laws of China. Its principal place of business is located at Xiangzhouqunanpingkejigongyuyuanpingdongsilu13hao, sanqichangfangsilou416, Zhuhaishi, Guangdongsheng, China 519060.

1

3. Plaintiff Imagetech Direct Inc. is a corporation duly organized and existing under the laws of New York. Its principal place of business is located at 418 Broadway, 2nd Floor, Bayonne, NJ 07002.

4. Plaintiff Lemero is a corporation duly organized and existing under the laws of California. Its principal place of business is located at 12523 Limonite Ave., Ste 440-2531 Mira Loma, CA 91710.

5. Plaintiff Plenty Talent Corp. is a corporation duly organized and existing under the laws of California. Its principal place of business is located at 12523 Limonite Ave. Ste 440-2532 Mira Loma, CA 91710.

6. Upon information and belief, Brother Industries Ltd., also known as Brother Kogyo Kabushiki Kaisha, is a corporation organized and existing under the laws of Japan with its principal place of business located at 15-1, Naeshiro-cho, Mizuho-ku Nagoya-shi, Aichi-ken, Japan 467-8561.

## NATURE OF THE CASE

7. This is an action for declaratory judgment of invalidity and unenforceability of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8. Plaintiffs seek a declaratory judgment that U.S. Patent No. 8,867,932 (the '932 patent) is invalid. A copy of the '932 patent is attached hereto as Exhibit A.

9. Plaintiffs also seek a declaratory judgment that the '932 patent is unenforceable due to Defendant's inequitable conduct before the United States Patent and Trademark Office ("USPTO").

10. This relief is necessary because Defendant has asserted claim 1 of the '932 patent against Plaintiffs by submitting notices of infringement to Amazon.com ("Amazon"), which has

caused Plaintiffs' Amazon listings for printer toner cartridges to be taken down and resulted in a loss of business to Plaintiffs.

11. Plaintiffs deny that they have infringed any valid and enforceable claim of the '932 patent. Therefore, an actual controversy exists between Plaintiffs and Defendant.

## JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331, 1338, and 1367, because this action arises under the laws of the United States, and in particular the Patent Act of the United States and seeks relief under the Federal Declaratory Judgment Act.

13. This Court has personal jurisdiction over Defendant at least pursuant to 35 U.S.C. § 293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. § 293. Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

## FACTUAL BACKGROUND

15. The '932 patent, entitled "Cartridge and image forming apparatus," issued on October 21, 2014, claiming priority to a Japanese patent application filed on March 31, 2010. Defendant claims to own the '932 patent.

16. Plaintiffs are online retailers that sell their products on Amazon.

17. Amazon is an online e-commerce platform that allows third parties, like Plaintiffs, to sell products on that platform.

18. Plaintiffs offer products on Amazon, including replaceable printer cartridges.

19. Upon information and belief, Amazon is the world's largest online retailer.

20. The ability to sell on Amazon is advantageous, because Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

21. A significant portion of Plaintiffs' businesses are derived from the sale of products on the Amazon platform.

22. Amazon offers a procedure called the "Amazon Utility Patent Neutral Evaluation Procedure."

23. The Amazon Utility Patent Neutral Evaluation Procedure's is an extra-judicial process with the stated goal to "efficiently resolve claims that third-party product listings infringe utility patents."

24. The Amazon Utility Patent Neutral Evaluation Procedure occurs without discovery, trial, or a hearing.

25. Once a patentee initiates the Amazon Utility Patent Neutral Evaluation Procedure against an accused seller, the seller has the option of either participating in the procedure or having their products removed from the Amazon platform.

26. The Amazon Utility Patent Neutral Evaluation Procedure permits only two defenses other than non-infringement, (1) invalidity based on a finding by a court and (2) sale of the seller's accused products more than one year before the relevant asserted patent.

27. The Amazon Utility Patent Neutral Evaluation Procedure does not permit accused sellers to make arguments relating to invalidity to the evaluator.

28.     On August 27, 2021, Defendant requested an Amazon Utility Patent Neutral Evaluation Procedure for claim 1 of the '932 patent against Plaintiffs' replacement printer cartridges.

29.     A copy of Defendant's Amazon Utility Patent Neutral Evaluation Agreement relating to claim 1 of the '932 patent and Amazon Standard Identification Numbers (ASINs) associated with Plaintiffs' products is attached as Exhibit B.

30.     By signing the Amazon Utility Patent Neutral Evaluation Agreement, Defendant has represented and warranted that it owns or has the right to enforce the '932 patent and asserts that the identified ASINs infringe the '932 patent.

31.     As the direct and intended result of Defendant's Amazon Utility Patent Neutral Evaluation Agreement submission, Amazon has "delisted" Plaintiffs' products accused of infringing the '932 patent, removing the accused products from its platform.

32.     Amazon has informed Plaintiffs' counsel that it may restore the accused products on its platform if it receives a court order indicating invalidity of the '932 patent.

33.     Plaintiffs hereby move to challenge validity and enforceability of the '932 patent in the Court.

## COUNT I

### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,867,932

34.     Plaintiffs incorporate paragraphs 1 through 33 of this Complaint as if set forth fully in this section.

35.     The '932 patent is invalid for failure to comply with one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.* including Sections 102 and 103.

36.     For example, the '932 patent does not comply with at least 35 U.S.C. §§ 102 and 103 in view of, among other things, U.S. Patent Application Publication No. 2007/0031158 (the

'158 application), which was published on February 8, 2007, and U.S. Patent Application Publication No. 2007/0059018 (the '018 application), which was published on March 15, 2007.

37. An exemplary invalidity claim chart showing each of claim elements of claim 1 of the '932 patent is taught by the '158 application is attached as Exhibit C.  The '158 application is attached as Exhibit D.

38. The '932 patent is additionally invalid as being rendered obvious by the '158 application, alone and/or in view of the '018 application and/or additional references. It would be obvious for a person of ordinary skill in the art at the time of the purported inventions to combine the teachings of the '158 application with the '018 application and/or other prior art because, for example, they share a common field of endeavor and/or are directed to the same problems.

39. In view of the foregoing, Plaintiffs are entitled to a judgment declaring that the '932 patent is invalid under 35 U.S.C. §§ 102 and 103.

## COUNT II
### DECLARATORY JUDGMENT OF UNENFORCEABILITY

40. Plaintiffs incorporate paragraphs 1 through 39 of this Complaint as if set forth fully in this section.

41. The '158 application lists Defendant as the assignee.

42. Before and during the prosecution of the '932 patent, Defendant knew of the existence of the '158 application. Specifically, Defendant's in-house patent manager and/or coordinator who coordinated U.S. patent filings for Defendant knew of the '158 application assigned to Defendant.

43. During the prosecution of the '932 patent, Defendant's in-house patent manager and/or coordinator failed to disclose the '158 application to the United States Patent and Trademark Office.

44. On May 8, 2013, Defendant submitted an information disclosure statement (IDS) listing 25 prior art references including several of Defendant's own patents and/or patent application publications. The '158 application was not disclosed in this IDS submission.

45. On April 21, 2014, Defendant submitted another IDS, but again did not disclose the '158 application.

46. Defendant did not submit another IDS during the prosecution of the '932 patent.

47. Upon information and belief, Defendant's in-house patent manager and/or coordinator's failure to disclose the '158 application to the United States Patent and Trademark Office was intentional.

48. The '932 patent was filed on April 13, 2013 and issued on October 21, 2014. During this period, Defendant's in-house patent manager and/or coordinator had numerous opportunities to instruct Defendant's U.S. patent counsel to disclose the '158 application but failed to do so.

49. When Defendant did submit two IDSs and did disclose several of Defendant's other patents and/or patent application publications, Defendant's in-house patent manager and/or coordinator did not submit the '158 application for inclusion in these two IDSs.

50. The only reasonable inference is that Defendant intentionally withheld the '158 application during the prosecution of the '932 patent.

51. Upon information and belief, Defendant knew that the '158 application was material to the application that led to the '932 patent.

52. Upon information and belief, had the United States Patent and Trademark Office been aware of the '158 application during the prosecution of the '932 patent, it would not have allowed the '932 patent to issue.

53. Upon information and belief, because Defendant failed to disclose the '158 application, the United States Patent and Trademark Office allowed the '932 patent to issue.

54. In view of the foregoing, Plaintiffs are entitled to a judgment declaring that the '932 patent was obtained by inequitable conduct upon the United States Patent and Trademark Office and thus is unenforceable.

## PRAYER FOR RELIEF

55. WHEREFORE, Plaintiffs respectfully prays for entry of judgment in its favor and against Defendant as follows:

    a. For a judgment declaring that the '932 patent is invalid;

    b. For a judgment declaring that the '932 patent is unenforceable;

    c. For a preliminary and permanent injunction precluding Defendant and its officers, directors, employees, agents, and all other persons acting in concert or participation with Defendant from suing for infringement, restraining commerce on the basis of allegations of infringement, or otherwise asserting infringement of the '932 patent;

    d. For costs and reasonable attorneys' fees incurred in connection with this action to be paid by Defendant;

    e. For a finding that this case is exceptional under 35 U.S.C. § 285.

    f. An award of any and all equitable relief to which Plaintiffs may be entitled; and

    g. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

56. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: October 4, 2021                    Respectfully submitted,

/s/ Krystyna Colantoni
Krystyna Colantoni (VA Bar # 76612)
Laurence M. Sandell (*pro hac vice* forthcoming)
Lei Mei (*pro hac vice* forthcoming)
Mei & Mark LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Tel.: 888-860-5678
Fax: 888-706-1173
kcolantoni@meimark.com
lsandell@meimark.com
mei@meimark.com

*Attorneys for Plaintiffs*
*E-Z Ink Inc., Zhuhaiaikedamaoyiyouxiangongsi (Akda), Imagetech Direct Inc., Lemero, Plenty Talent Corp.*